# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1992

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Naim Omari Page, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 12, 2011
Filed: April 5, 2012

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Naim Omari Page pled guilty to one count of conspiring to distribute and to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. At the sentencing hearing, the district court[1] denied Page's request for safety valve relief and sentenced him to the 60-month mandatory minimum sentence. Page now appeals the district court's denial of his request for safety valve relief. We affirm.

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

The indictment in this case spans a decade, charging Page with conspiring to distribute and to possess with intent to distribute marijuana from 1999 through 2009. During that time, Page was arrested at least twice in connection with high-volume deliveries of marijuana. During a 2007 marijuana investigation, Page admitted that since 1999 he had obtained over 800 pounds of marijuana from a source in Texas. In connection with the instant indictment and conviction, Page provided the government with information he gathered while serving a marijuana-related sentence in Arizona state prison, and he also cooperated with law enforcement regarding his drug operations in the Little Rock, Arkansas area.

At sentencing, Page argued that his cooperation with the government qualified him for the safety valve relief provided in 18 U.S.C. § 3553(f). Under that provision, the district court may impose a sentence below the mandatory minimum if it finds at sentencing that, *inter alia*, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). The district court denied Page's request for safety valve relief, finding that Page had not satisfied the requirements of § 3553(f)(5). Specifically, the district court reasoned that because it was uncontested that Page had not provided any information regarding the identity of his customers in the Little Rock area, Page had failed to provide all the required information.

"We will overturn a district court's findings with respect to safety valve eligibility only if they are clearly erroneous." United States v. Guerra-Cabrera, 477 F.3d 1021, 1024–25 (8th Cir. 2007). "Affirmance is required if the record supports the court's findings, regardless of which party is favored." United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc). "Defendants bear the burden of establishing that they have met each of the five eligibility requirements, including that they have provided truthful information to the government." Guerra-Cabrera, 477 F.3d at 1025.

Page argues that the district court rested its finding entirely on the government's bare assertion that "we do not believe [Page]." This is simply not the case. The district court engaged in an extended discussion with Page's counsel concerning Page's failure to implicate any downstream participants in the operation. Considering the volume of marijuana that Page admitted to purchasing, we cannot say that the district court committed clear error in concluding that Page had not fully cooperated. "To merit safety valve treatment a defendant must . . . disclose whatever information he has about his offense, and the district court can hold him accountable for revealing the identities and participation of others involved in the offense if it could reasonably be expected he would have such information." Guerra-Cabrera, 477 F.3d at 1025. Indeed, "[i]n making its assessment of the truthfulness of a safety valve proffer, the district court is entitled to draw reasonable inferences from the evidence." Alvarado-Rivera, 412 F.3d at 948. In this case, it is reasonable to infer that Page worked with—and withheld the identities of—downstream co-conspirators. We affirm the judgment of the district court.

———————————————————